# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Darryl Taylor, also known as Darrell Wood, | Civ. No. 16-4082 (MJD/BRT) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Joe Piget, Under Sheriff; and Sarah Cory, Ramsey Co. District Att., | |
| Respondents. | |

Petitioner Darryl Taylor is detained at the Ramsey County Adult Detention Center pending criminal charges in Minnesota state court brought pursuant to Minn. Stat. § 609.322, subd. 1(a)(1) (solicitation of an individual under 18 years old to practice prostitution) and subd. 1a(4) (engaging in the sex trafficking of an individual). Taylor has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241[1] alleging that his arrest violated the Fourth Amendment, that the state court may at trial admit evidence unlawfully, and that the prosecution against him has been malicious and unethical. The habeas petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

---

[1] Because Taylor was not held pursuant to a state-court judgment at the time he filed his habeas corpus petition (and, by all appearances, no judgment has since been entered), that petition is not governed by 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a).

This Court has conducted a preliminary review of Taylor's habeas petition.[2] Based on that review, this Court recommends dismissal without prejudice of the habeas petition for failure to exhaust state remedies.

Although § 2241 does not include a statutory exhaustion requirement comparable to that found at § 2254(b), federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241. Ordinarily, a state detainee must await the entry of a final state court judgment in order to exhaust state remedies where such remedies are available.[3] *See, e.g.*, *Sacco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981) (citing *Ex Parte Royall*, 117 U.S. 241 (1886)). "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *See Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974). To act otherwise would amount to a "perversion of the habeas corpus jurisdiction into a pretrial motion forum" for state prisoners. *Id.* (quotations omitted). The state courts are capable of protecting the federal rights of criminal defendants; comity

---

[2] Although Taylor's habeas corpus petition is not brought pursuant to § 2254, the Rules Governing Section 2254 Cases nevertheless apply. *See* Rule 1(b). Accordingly, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts applies in this § 2241 case.

[3] An exception to this rule exists where a petitioner's double-jeopardy or speedy-trial rights are at issue. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973) (speedy trial); *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) (double jeopardy). Neither of those constitutional rights are implicated here.

therefore generally requires that the federal courts give state courts a full opportunity to adjudicate constitutional claims brought by a criminal defendant as a matter of first instance. *See, e.g.*, *Castillo-Alvarez v. Hawkinson*, No. 10-CV-4187 (PAM/JJG), 2011 WL 3798585, at *2 (D. Minn. Aug. 25, 2011).

Taylor does not allege that the state courts have refused to consider his arguments or that the procedures for raising these claims are otherwise inadequate. Each of the claims raised by Taylor may be presented to the state trial court. Should that court reject his claims, Taylor may appeal the decision, first to the Minnesota Court of Appeals and then to the Minnesota Supreme Court. But until Taylor provides those tribunals with an opportunity to consider his claims for relief (under the procedures properly developed by those courts for doing so), this Court must decline to consider Taylor's claims in habeas corpus proceedings. Taylor's petition should therefore be denied without prejudice.

Only two matters merit further mention. First, Taylor has requested *in forma pauperis* ("IFP") status in this matter. *See* Doc. No. 2. Although Taylor qualifies financially for IFP status, an IFP application should be denied where a habeas corpus petition cannot be entertained. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). This Court therefore recommends that Taylor's IFP application be denied.

Second, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *accord Evans v. Circuit Ct. of Cook Cnty., Ill*,

3

569 F.3d 665, 666 (7th Cir. 2009) (concluding that "a state prisoner being held after an indictment or preliminary hearing, who seeks pretrial release, needs a certificate of appealability in order to appeal from a district court's decision denying a petition for a writ of habeas corpus."). A certificate of appealability ("COA") cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Taylor's current habeas corpus petition differently than it is being treated here. Taylor has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Taylor should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED that:**

1. The petition for a writ of habeas corpus brought by petitioner Darryl Taylor (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE**.

2. Taylor's application to proceed *in forma pauperis* (Doc. No. 2) be **DENIED**.

3. No certificate of appealability be issued.

Dated: January 13, 2017.          *s/ Becky R. Thorson*
                                                 Becky R. Thorson
                                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.